**STATE of North Dakota, Respondent,**

v.

**Roger BUEHLER, Appellant.**

**Cr. 312.**

Supreme Court of North Dakota.

Dec. 18, 1963.

Breidenbach & Milhollan, Bismarck, for appellant.

Harold L. Anderson, State's Atty., Bismarck, for respondent.

———————

ERICKSTAD, Judge.

This is an appeal from a judgment of conviction rendered by the judge of County Court with Increased Jurisdiction of Burleigh County, taken upon the judgment roll and without a settled statement of the case.

The record discloses that on January 23, 1963, one Bruce Templeton signed a complaint before the county judge wherein he alleged that the defendant did "wilfully and unlawfully and while under the influence of intoxicating liquors drive a motor vehicle upon a public highway." On the basis of this complaint the county judge issued a warrant for the arrest of the defendant, and, apparently by virtue of this warrant, the defendant was arrested.

On February 7, 1963, the defendant entered a plea of not guilty to the aforesaid complaint, was tried on the charge contained therein, was found guilty thereof, and was sentenced to pay a fine of $50.00 and costs of $50.00 and, in event of default in the payment of the fine and costs, to be imprisoned in the county jail of Burleigh County for fifty days.

An instrument entitled a criminal information was neither served upon the defendant nor filed with the court.

The appellant contends that the failure to charge the defendant by a criminal information deprived the court of jurisdiction to enter a judgment of conviction. To support his contention, he refers this court to a number of statutes.

Our constitution and a number of our statutes seem important to a determination of the issue raised herein.

Section 8 of Article I of the Constitution of North Dakota reads as follows:

"Until otherwise provided by law, no person shall, for a felony, be proceeded against criminally, otherwise than by indictment, except in cases arising in the land or naval forces, or in the militia when in actual service in time of war or public danger. In all other cases, offenses shall be prosecuted criminally by indictment or information. The legislative assembly may change, regulate or abolish the grand jury system."

The "in all other cases" phrase of Section 8 of Article I clearly relates to misdemeanor cases and requires that said cases be prosecuted by indictment or information.

In the instant case the defendant was charged with the commission of a misdemeanor. That being the case, he should have been prosecuted by indictment or information.

A study of the law of the Territory of Dakota indicates what the framers of our constitution meant by an information.

Section 92 of the Code of Criminal Procedure of the Revised Codes of the Territory of Dakota of 1877 reads as follows:

"§ 92. Information Defined.) The information is the allegation in writing, made to a magistrate, that a person has been guilty of some designated public offense."

Section 95 thereof reads as follows:

"§ 95. Magistrate must issue.) When an information, verified by oath or affirmation, is laid before a magis-

trate of the commission of a public offense, he must, if satisfied therefrom that the offense complained of has been committed, and that there is reasonable ground to believe that the defendant has committed it, issue a warrant of arrest."

The criminal complaint in the instant case reads as follows:

"STATE OF NORTH DAKOTA ⎫ ss   IN COUNTY COURT OF
County of Burleigh       ⎭    INCREASED JURISDICTION

Before   Hon. W. J. Austin
                        County Judge

THE STATE OF NORTH DAKOTA ⎫
          vs.                   ⎬   CRIMINAL COMPLAINT
Roger Buehler               ⎭
      Defendant

STATE OF NORTH DAKOTA, ⎫ ss
  County of Burleigh.    ⎭

Bruce Templeton being first duly sworn, says that on or about the 13th day of January A.D. 1963, at Bismarck, in said county, the above named defendant, Roger Buehler, did commit the crime of driving under influence of intoxicating liquors, committed as follows, to-wit:

That the said defendant did then and there wilfully and unlawfully and while under the influence of intoxicating liquors drive a motor vehicle on a public highway.

This contrary to the statute in such cases made and provided and against the peace and dignity of the State of North Dakota.

WHEREFORE, Complainant prays that Defendant Roger Buehler may be arrested and dealt with according to law.

(Signed) Bruce Templeton

Subscribed and sworn to before me this 23 day of January, 1963.

(Signed) W. J. Austin
County Judge

(Seal of County Court)

Warrant Approved:

(Signed) Al Wolf
Assistant State's Attorney,
    Burleigh County, North Dakota."

———◆———

It is obvious that this criminal complaint would have constituted an information under the Code of Criminal Procedure of the Territory of Dakota for 1877, which was the law of the territory just prior to the time that North Dakota became a state and adopted Section 8 of Article I of its constitution in 1889.

In fact, this complaint would substantially comply with the requirements of an information under the terms of Section 29–01–13, Subsection 4, of the North Dakota. Century Code, as it reads today.

"29–01–13.  Definitions.—As used in this title, unless the context or subject

matter otherwise clearly requires:

\* \* \*

"4. An 'information' is an accusation in writing, in form and substance like an indictment for the same offense, charging a person with a crime or public offense, signed and verified by some person and presented to the district court and filed in the office of the clerk of said court;

\* \* \*" North Dakota Century Code.

Section 29-01-01, Subsection 3, of the North Dakota Century Code, reads as follows:

"29-01-01. How crimes prosecuted—Exceptions.—Every public offense must be prosecuted by information or indictment unless it is one in which:

\* \* \*

"3. Trial may be had in justice, police, or county court." North Dakota Century Code.

■ This statute, which, by inference, permits the prosecution of a person for the commission of a misdemeanor in county court with increased jurisdiction by criminal complaint, is constitutional, as a criminal complaint authorized for use in said court under present law is the equivalent of an "information" as contemplated by our state constitution.

The requirements of a criminal complaint applicable in this case are set forth in Section 29-05-01 of the North Dakota Century Code, which reads as follows:

"29-05-01. What complaint must state.—A complaint must state:

"1. The name of the person accused, if known, or if not known and it is so stated, he may be designated by any other name;

"2. The county in which the offense was committed;

"3. The general name of the crime or public offense committed;

"4. The acts or omissions complained of as constituting the crime or public offense named;

"5. The person against whom, or against whose property, the offense was committed, if known; and

"6. If the offense is against the property of any person, a general description of such property.

"The complaint must be subscribed and sworn to by the complainant." North Dakota Century Code.

These requirements have been complied with in the complaint used in the instant case.

■ We therefore conclude that our state constitution requires that every criminal prosecution for a misdemeanor be by indictment or information; that, by an "information," the Constitution contemplated an instrument equivalent to a complaint under our present law; and that the complaint by which the defendant was charged with the commission of a misdemeanor in the instant case, to which the defendant entered a plea of not guilty and upon which the defendant was tried and convicted, was in essence an information which fulfilled the requirement of our state constitution and was the means by which the county court with increased jurisdiction obtained jurisdiction to act.

The judgment and sentence of the county court with increased jurisdiction is, therefore, affirmed.

MORRIS, C. J., and BURKE, TEIGEN, and STRUTZ, JJ., concur.