**STATE of North Dakota, Plaintiff and Appellant,**

v.

**James DIMMLER, Defendant and Appellee.**

Cr. No. 900018.

Supreme Court of North Dakota.

June 1, 1990.

Lewis C. Jorgenson (argued), Devils Lake, for plaintiff and appellant.

Freed, Dynes, Reichert & Buresh, P.C., Dickinson, for defendant and appellee; argued by Ronald A. Reichert, Dickinson.

GIERKE, Justice.

The State appeals from a district court order which ordered the dismissal of a criminal information charging James Dimmler with theft of property, in violation of Section 12.1-23-02(2), N.D.C.C. We affirm.

On August 8, 1989, James Dimmler was charged by criminal complaint for the offense of theft of property under Section 12.1-23-02(2), N.D.C.C.[1] According to the complaint, which was signed by the States Attorney of Ramsey County and the County Judge of Ramsey County, the theft al-

---

1. Section 12.1-23-02(2) provides that a person is guilty of theft if he "knowingly obtains the property of another by deception or by threat with intent to deprive the owner thereof, or intentionally deprives another of his property by deception or by threat."

legedly occurred on October 6, 1986. A preliminary hearing was held on September 20, 1989, and the magistrate found that sufficient probable cause existed to hold Dimmler on the charge. The arraignment was to be held on December 7, 1989, and on that date, the State filed the criminal information against Dimmler. Prior to the arraignment, Dimmler filed a motion to dismiss based on the fact that the three-year statute of limitations barred his conviction of the crime alleged in the information. Dimmler argued that Sections 29–04–02 and 29–04–05, N.D.C.C., barred the prosecution for the alleged crime because the alleged crime occurred more than three years before the information was filed on December 7, 1989.

The district court granted Dimmler's motion to dismiss stating that, "[I]t is clear that the information had to be filed within three years of the commission of the alleged felony. It is also clear that the information was filed three years, two months, and a day after the commission of the alleged felony. This Court therefore has no choice but to dismiss the information...." This appeal followed.

On appeal, the sole issue to be decided is whether the three-year statute of limitation period for the prosecution of non-murder felony cases bars the prosecution of Dimmler for his alleged offense.

The State contends that the 1987 amended version of Section 29–04–02, N.D.C.C.[2], should apply to the case thus resulting in the State's compliance with the statute of limitation period. Alternatively, the State argues that the issuance of the criminal complaint on August 6, 1989, commenced the prosecution of Dimmler and therefore was within the three-year statute of limitations. We disagree with both arguments.

■ We have held that "[a]ll statutes enacted by the legislature are to be applied prospectively, *i.e.*, they are to be applied only to causes of action that arise after the effective date of the statute, unless the legislature clearly expresses that they are to be applied retroactively." *State v. Hersch*, 445 N.W.2d 626, 630 (N.D.1989) (quoting *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 240–41 (N.D.1979)). Since the October 6, 1986, cause of action in this case arose before the 1987 amendment to Section 29–04–02, we are guided by the pre–1987 statute of limitation period.

Before its amendment in 1987, Section 29–04–02, N.D.C.C., provided:

"Prosecution for felony other than murder within three years.—An information for any felony other than murder must be filed, or an indictment must be found, within three years after its commission. Nothing in this section contained shall be construed to bar or prevent a person prosecuted for murder from being found guilty of manslaughter and punished accordingly."

Section 29–04–05, N.D.C.C., provides:

"When action is commenced.—An information is filed or an indictment found within the meaning of this chapter when it is presented, if an information, by the state's attorney or person appointed to prosecute, or, if an indictment, by the grand jury, in open court, and there received and filed, or if a complaint, when filed by a magistrate having jurisdiction to hear, try, and determine the action."

■ Thus, it seems clear that the information or indictment must be filed within three years after the commission of the alleged offense. It is undisputed that the information in this case was filed more than three years after Dimmler allegedly committed the theft of property. Therefore, we conclude that the State failed to file the information at such a time so as to comply with the three-year statute of limitations.

■ Alternatively, the State argues that the filing of the complaint satisfied the statute of limitations. We disagree. In *Hersch, supra*, 445 N.W.2d at 631, we rec-

---

**2.** The 1987 amended version of Section 29–04–02, which became effective July 8, 1987, provides: "Except as otherwise provided by law, a prosecution for any felony other than murder must be commenced within three years after its commission. Nothing in this section prevents a person prosecuted for murder from being found guilty of any included offense and punished accordingly."

ognized that Section 29–01–15, N.D.C.C., authorized a county court to act as a committing magistrate and to hear, try, and determine misdemeanors. Although the criminal complaint in this case was filed in county court within the statute of limitation period, it was not filed by a magistrate having jurisdiction to "hear, try, and determine the action" within the language of Section 29–04–05, N.D.C.C., because Dimmler was charged with a felony rather than a misdemeanor.[3] *See Hersch, supra* at 631.

Thus, we conclude that the prosecution against Dimmler was commenced by the filing of the information in district court on December 9, 1989. Since the commission of the alleged crime was more than three years prior to the filing of the information, the statute of limitations bars the State's cause of action against Dimmler. Accordingly, the district court's order of dismissal of the information against Dimmler is affirmed in all respects.

ERICKSTAD, C.J., and VANDE WALLE, MESCHKE and LEVINE, JJ., concur.

---

**3.** In *Hersch,* we noted that we had previously held in *State v. Buehler,* 125 N.W.2d 155 (N.D. 1963), that the filing of a criminal complaint is the equivalent of an information for purposes of satisfying the North Dakota Constitution's requirement that every criminal prosecution for a misdemeanor be by indictment or information. *Hersch, supra,* 445 N.W.2d at 631 n. 8 (citing *Buehler, supra,* 125 N.W.2d at 158.) However, our holding in *Buehler* is inapposite to the instant case because in *Buehler,* the complaint, which alleged a misdemeanor offense, was filed by a magistrate having jurisdiction to hear and try the cause of action. However, in the instant case, the complaint, which alleged a felony offense, was filed by a magistrate not having jurisdiction to hear, try, and determine the action.