STATE OF NORTH CAROLINA v. EUGENE MURPHY

No. 7212SC420

(Filed 2 August 1972)

1. Searches and Seizures § 3— requisites and validity of search warrant

In a prosecution charging defendant with possession of heroin, the trial court did not err in finding on *voir dire* that the warrant issued for a search of defendant's home was valid where an affidavit incorporated into the warrant described with reasonable certainty the premises to be searched, sufficiently indicated the basis for the finding of probable cause, and sufficiently described the contraband for which the search was to be conducted. G.S. 15-26.

2. Searches and Seizures § 3— validity of search warrant — voir dire hearing

On *voir dire* to determine the validity of a search warrant, it is the better practice for the court to find facts and make conclusions; however, this is not required where no conflicting testimony is offered on *voir dire*.

3. Criminal Law § 75— Miranda warnings — in-custody statements

Where defendant made incriminating statements during the course of conversation while in the custody of an officer on a charge other than the one for which he was being tried, the officer was not required to advise defendant of his constitutional rights as his statements were voluntary and not the result of custodial interrogation.

4. Narcotics § 4— sufficiency of evidence to withstand nonsuit

In a prosecution for possession of heroin, State's evidence was sufficient to withstand motion for nonsuit where it tended to show that officers with a valid search warrant went to defendant's home and upon gaining admittance found defendant and a brown paper bag containing heroin in the bathroom.

APPEAL by defendant from *Clark, Judge,* 17 January 1972 Criminal Session, Superior Court, CUMBERLAND County.

Defendant was charged with possession of heroin. On his plea of not guilty, he was convicted by the jury. Judgment was entered thereon, and defendant gave notice of appeal. Record on appeal was docketed within the time provided by our rules. Neither appellant nor the State has filed brief. After the time for filing appellant's brief had expired, defendant moved in this Court to withdraw his appeal, which motion was denied.

No appearances on appeal.

MORRIS, Judge.

Errors assigned are directed to the failure of the trial court to exclude evidence seized during the search of the premises, failure of the court to exclude certain statements made by defendant, failure of the court to strike all testimony relating to evidence found in the course of the search of the premises, and failure of the court to grant defendant's motion for nonsuit.

[1] Upon objection by defendant, the court conducted a *voir dire* examination with respect to the validity of the search warrant. The search warrant and the affidavit upon which it was based were introduced into evidence. Officer Parham testified that he went before a magistrate on 22 September 1971 to obtain a search warrant and at that time he had with him an affidavit which he had prepared himself. He was sworn by the magistrate as to the facts contained in the affidavit. The affidavit, dated 22 September 1971, described the premises in detail including postal enumeration and stated as facts establishing probable cause for the issuance of a search warrant, the following: "That a confidential informant who has given this affiant good and reliable information in the past states that on 9/22/71 he had been to the above address, 912-A Gillis Street, and bought a one-half spoon of Heroin for the sum of twenty dollars. That he also saw a large quantity of heroin at 912-A Gillis Street and that the heroin was still at 912-A Gillis Street at this time."

Upon this affidavit the magistrate issued a search warrant containing the following:

"Whereas information has been furnished me by the affiant named in the affidavit on the reverse hereof, who stated under oath that John Doe or Anyone in Charge has property described in said affidavit, related in the manner described in the affidavit with the commission of a crime, also described in said affidavit, that such property is located as described in the affidavit. And whereas I have examined under oath the affiant and am satisfied that there is probable cause to believe that the named person has such property on his premises or under his control, described in the aforesaid affidavit, you are commanded to search the premises for the property in question. If this property is found, seize it and keep it subject to court order. Herein

fail not and of this warrant make due return. Issued this the 22nd day of September 1971, at 11:40 o'clock p.m. upon information furnished under oath by the affiant named below: H. B. Parham. Signed by Stacy Autry, Magistrate."

Applying the principles enunciated in *State v. Shirley,* 12 N.C. App. 440, 183 S.E. 2d 880 (1971), cert. denied 279 N.C. 729 (1971), and *State v. Spencer,* 281 N.C. 121, 187 S.E. 2d 779 (1972), we are of the opinion that the affidavit complied with the provisions of G.S. 15-26 and met the constitutional standard of reasonableness and probable cause requisite to the issuance of a search warrant. The warrant, by reference to the affidavit, which was made a part of the warrant, described with reasonable certainty the premises to be searched, sufficiently indicated the basis for the finding of probable cause, and sufficiently described the contraband for which the search was to be conducted. See *State v. Shirley, supra.* Holding as we do that the warrant was valid, it follows that the evidence obtained was properly admitted into evidence.

[2] Defendant offered no evidence on *voir dire,* and the court did not find facts. Although it is the better practice for the court to find facts and make conclusions, this is not required where, as here, no conflicting testimony is offered on *voir dire. State v. Lynch,* 279 N.C. 1, 181 S.E. 2d 561 (1971).

[3] During the course of the State's evidence Officer White testified that on 23 September 1971 he, with Sergeant Nichols, had an occasion to ride in a car with defendant from Raleigh to Fayetteville. On this trip defendant asked the witness about "a date that we busted him on Gillis Street. He asked if there was really any heroin in the bag. I told him there was. He said to me that he did not believe there was." Upon objection by defendant's counsel, a *voir dire* was conducted. The evidence for the State was that this conversation took place on a day other than the day of his arrest for the offense for which he was being tried and on an occasion when officers were returning him to Fayetteville from Raleigh upon his apprehension for escape on another charge. Upon his arrest upon the offense for which he was being tried, he was fully advised of his rights, understood what was being told him and signed a "rights form." On the occasion covered by the *voir dire* the officer to whom defendant was talking did not advise him of his constitutional rights because he did not have him under arrest for

anything. They had not been discussing the narcotics charge against him at the time defendant asked the officer if there was really any heroin in the bag. When the officer told him there was, defendant commented that he didn't believe it because he had counted three and saw three go down in the commode; that he had just miscounted. He continued to discuss the use of narcotics in Fayetteville and how easy it was to obtain drugs there. Defendant offered no evidence. The court found the statements to have been voluntary, that defendant was not being interrogated and that the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 16 L.Ed. 2d 694, 86 S.Ct. 1602 (1966), were not applicable. In this we find no error. The fact that defendant was in custody when he made the statements does not of itself render the inculpatory statements inadmissible. *State v. Hines,* 266 N.C. 1, 145 S.E. 2d 363 (1965). There is no evidence indicating pressure or fear or the promise of reward. The record clearly shows that there was no custodial interrogation. Therefore, the officer was not required to warn defendant of his rights as required by *Miranda v. Arizona, supra. State v. Muse,* 280 N.C. 31, 185 S.E. 2d 214 (1971), cert. denied 406 U.S. 974, 32 L.Ed. 2d 674, 92 S.Ct. 2409 (7 June 1972).

[4] The evidence presented by the State tended to show that the officers went to the address set out in the search warrant, knocked on the door, and told the occupants they were with the police and had a search warrant. The officers then saw defendant run from the living room to the bathroom. They attempted to knock the door open, and a man inside opened the door. The officer went immediately to the bathroom and attempted to open the door. It was latched, and he forced it open and took defendant by the arm. There was a brown paper bag on the floor between the commode and the bathtub. Another agent picked up the bag and took out a tinfoil package which contained a white powder. Defendant was placed under arrest and advised of his rights. The evidence was that chemical analysis showed the package contained heroin.

The evidence was sufficient to take the case to the jury.

No exception is taken to the charge of the court to the jury. Defendant, represented by competent counsel, has been given a fair and impartial trial free from prejudicial error.

No error.

Judges VAUGHN and GRAHAM concur.