JOHN C. BROOKS, COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA, PETITIONER v. TAYLOR TOBACCO ENTERPRISES, INC., AND GEORGE RONALD TAYLOR, RESPONDENTS

No. 7813SC691

(Filed 6 February 1979)

1. **Constitutional Law § 21; Searches and Seizures § 1— administrative inspection warrant—no general warrant**

    An administrative inspection warrant issued pursuant to G.S. 15-27.2 does not constitute a general warrant prohibited by Art. I, § 20 of the N. C. Constitution.

2. **Constitutional Law § 21; Searches and Seizures § 22— administrative inspection warrant—program of inspection and probable cause standards—constitutionality**

Provisions of G.S. 15-27.2(c)(1) which permit a magistrate to issue an administrative inspection warrant upon making an independent determination that the target property "is to be searched or inspected as part of a legally authorized program of inspection which naturally includes that property" or that there is "probable cause" justifying an administrative inspection of the property are not unconstitutionally void for vagueness.

3. **Searches and Seizures § 22— administrative inspection warrant—affidavit—showing necessary under program of inspection standard**

An affidavit for issuance of an administrative inspection warrant under the "program of inspection" standard of G.S. 15-27.2(c)(1) must contain an adequate description of the "general administrative plan," the "specific neutral criteria" used to determine which businesses will be inspected under the plan, and facts showing why the particular business sought to be inspected comes within the plan.

4. **Searches and Seizures § 22— administrative inspection warrant—program of inspection standard—conclusory allegation in affidavit**

5. **Searches and Seizures § 19— validity of warrant—consideration of affidavits—applicability to administrative inspection warrants**

The rule that the sufficiency of a search warrant should properly be determined with reference to the supporting affidavits is also applicable to administrative inspection warrants.

6. **Searches and Seizures § 23— OSHA inspection warrant—validity**

A warrant authorizing an OSHA inspection of business premises and the supporting affidavits were sufficient to meet minimal standards under the "program of inspection" test set out in G.S. 15-27.2(c)(1) where the affidavits contained sufficient facts to enable the issuing officer to make an independent determination that the Department of Labor had developed a plan for enforcement of the Occupational Safety and Health Act which used neutral criteria in selecting particular businesses to be inspected, and facts in the affidavits indicated that the business sought to be inspected fell within this general plan because it had never been inspected, it was engaged in a high hazard industry according to a standard industrial classification code, and it involved the use of various types of machinery.

7. **Searches and Seizures § 25— OSHA inspection warrant—statistics showing probability of violations—insufficiency to show probable cause**

An attempt to show through statistics that an inspection of a business would be likely to reveal OSHA violations is not sufficient to meet the "probable cause" test under G.S. 15-27.2(c)(1).

8. **Searches and Seizures § 19— OSHA inspection warrant—objects of inspection shown by affidavits**

　　Although a warrant authorizing an OSHA inspection of business premises did not itself specifically indicate the objects of the inspection, it sufficiently complied with G.S. 15-27.2(d)(3) where the supporting affidavits set out in great detail various objects and conditions that the inspection was intended to check or reveal.

APPEAL by respondents from *Herring, Judge.* Judgment entered 28 April 1978 in Superior Court, BLADEN County. Heard in the Court of Appeals on 15 November 1978.

This matter was heard upon a petition for an Order compelling respondents to appear and show cause why they should not be held in contempt for refusal to honor an Administrative Inspection Warrant issued pursuant to G.S. § 15-27.2. Respondents answered, denying validity of the warrant, and filed motions to dismiss, for judgment on the pleadings, and for summary judgment. After a hearing, respondents' motions were denied, and the Court entered an Order on 28 April 1978 making findings of fact, which, except where quoted, are summarized below:

Respondent Taylor Tobacco Enterprises, Inc., is a North Carolina corporation and is subject to the Occupational Safety and Health Act of North Carolina ("OSHA"), G.S. §§ 95-126 to -155, and is subject to administrative inspection thereunder pursuant to G.S. § 95-136. On 29 December 1977, the respondents refused to submit to a warrantless inspection of their premises by agents of the North Carolina Department of Labor. On 21 March 1978, an Administrative Inspection Warrant was issued and was properly served on the respondents at the situs of Taylor Tobacco Enterprises. Upon service of the search warrant, "Respondent George Ronald Taylor, while acting in his capacity as an officer of the Respondent Taylor Tobacco Enterprises, Inc., stated to duly authorized O.S.H.A. inspectors that he would prevent them from inspecting the premises" and that the respondents "acted willfully, deliberately, and knowingly and conducted themselves in such a manner as to lead the O.S.H.A. inspectors present to reasonably believe that force might be used if they attempted to conduct the inspection authorized by the aforementioned warrant." The court also found that the administrative inspection warrant was based on "probable cause to believe that violations of the Occupational Safety and Health Act are present at the situs of the property

described above" and that the warrant "complied with every mandate of the United States and North Carolina Constitutions and was lawfully and properly issued.

Based on the foregoing, the trial court concluded that Respondents were "in contempt of the lawful Order of this Court" and ordered them to pay a fine of $500 or submit to an administrative inspection within ten days of entry of judgment. Respondents appealed.

*Attorney General Edmisten, by Associate Attorney George W. Lennon, for petitioner appellee.*

*Paderick, Warrick & Johnson, by Dale P. Johnson, for respondent appellants.*

HEDRICK, Judge.

[1] Respondents first contend that the trial court erred in denying its motion to dismiss and motion for judgment on the pleadings because "the Administrative Inspection Warrant is unconstitutional on its face."

Art. I, § 20 of the North Carolina Constitution is as follows:

General warrants, whereby an officer or other person may be commanded to search suspected places without evidence of the act committed, or to seize any person or persons not named, whose offense is not particularly described and supported by evidence, are dangerous to liberty and shall not be granted.

Respondent argues that the "Administrative Inspection Warrant herein is the type envisioned by drafters of Article I, Section 20, and the type of warrant proscribed." We disagree.

Article I, § 20 proscribes warrants that empower officials to search for evidence of a particular offense without specifically naming the person against whom the offense is charged, the particular place to be searched or the items to be seized. "The general warrant was a recurring point of contention in the colonies immediately preceding the Revolution. The particular offensiveness it engendered was acutely felt by the merchants and businessmen whose premises and products were inspected for compliance with the several Parliamentary revenue measures

that most irritated the colonists." *Marshall v. Barlow's, Inc.*, 436 U.S. 307, 311, 98 S.Ct. 1816, 1820, 56 L.Ed. 2d 305, 310 (1978). Consequently, the constitutional proscription against unreasonable searches and seizures "grew in large measure out of the colonists' experience with the writs of assistance and their memories of the general warrants formerly in use in England. These writs, which were issued on executive rather than judicial authority, granted sweeping power to customs officials and other agents of the King to search at large for smuggled goods." *United States v. Chadwick*, 433 U.S. 1, 7-8, 97 S.Ct. 2476, 2481, 53 L.Ed. 2d 538, 546 (1977). The general warrant commanded the officers to search for persons who had committed an offense; because only the offense was named and not the offender, and since no evidence that the crime had been committed was required, this empowered the officers to search, in their discretion, any place they wished. 1 Cooley, Constitutional Limitations, Ch. X, at p. 612-15 (8th ed. 1927). It is this "almost unbridled discretion [of] executive and administrative officers, particularly those in the field, as to when to search and whom to search" that the warrant requirements are intended to check. *Marshall v. Barlow's, Inc.*, 436 U.S. at 323, 98 S.Ct. at 1825-26, 56 L.Ed. 2d at 317-18.

A warrant to conduct an administrative inspection issued pursuant to G.S. § 15-27.2 could in no sense be considered a general warrant. While G.S. § 15-27.2(c)(1) sets forth standards for issuance of an administrative search warrant which are less stringent than the probable cause standards required in the criminal law sense under G.S. § 15A-246, as hereinafter discussed, these standards are certainly sufficient "to guarantee that a decision to search private property is justified by a reasonable governmental interest." *Camara v. Municipal Court*, 387 U.S. 523, 539, 87 S.Ct. 1727, 1736, 18 L.Ed. 2d 930, 941 (1967). *See also, State, ex rel. Accident Prevention Div. v. Foster*, 31 Or. App. 291, 570 P. 2d 398 (1977). G.S. §§ 15-27.2(c)(2) and (3) require the applicant to provide signed affidavits and the issuing official to examine the affiant to verify the accuracy of the matters in the affidavit. Under G.S. § 15-27.2(d)(2) the warrant must accurately and specifically describe the property sought to be inspected. G.S. § 15-27.2(d)(3) requires that the warrant "indicate the conditions, objects, activities or circumstances which the inspection is intended to check or reveal." Finally, G.S. § 15-27.2(f) codifies an "exclusionary rule"

whereby any facts or evidence obtained through the use of an invalid warrant may not be considered in imposing any civil, criminal, or administrative sanctions, nor used to obtain another warrant.

From the foregoing, it is clear that the statutory scheme for obtaining a warrant to conduct an administrative inspection, when complied with, provides ample protections against the constitutional proscription of general warrants.

[2] Respondents next contend that the first clause of G.S. § 15-27.2(c)(1) is unconstitutionally "void for vagueness." G.S. § 15-27.2(c) is as follows:

> The issuing officer shall issue the warrant when he is satisfied the following conditions are met:
>
> (1) The one seeking the warrant must establish under oath or affirmation that the property to be searched or inspected is to be searched or inspected as part of a legally authorized program of inspection which naturally includes that property, or that there is probable cause for believing that there is a condition, object, activity, or circumstance which legally justifies such a search or inspection of that property;
>
> (2) An affidavit indicating the basis for the establishment of one of the grounds described in (1) above must be signed under oath or affirmation by the affiant;
>
> (3) The issuing official must examine the affiant under oath or affirmation to verify the accuracy of the matters indicated by the statement in the affidavit.

Respondents argue that the language contained in the statute, specifically "which naturally includes that property" is "unclear, general, and broad." They also argue that what is "legally authorized" under the statutory provisions "is virtually impossible for the issuing judicial officer to determine." Finally, they contend that allowing inspection of a business as "part of a legally authorized program of inspection" is inadequate to meet constitutional standards of specificity.

We believe that respondents' argument reflects a misunderstanding of the considerations which lie at the core of the less stringent probable cause requirements for obtaining administrative inspection warrants. The North Carolina statute authorizes the judicial officer to issue an administrative search warrant after making an independent determination that one of two standards has been met. The first is that the target property "is to be searched or inspected as part of a legally authorized program of inspection which naturally includes that property." The second is that there is "probable cause" justifying an administrative inspection.

In *Camara v. Municipal Court, supra,* the United States Supreme Court, in explaining the requirements for obtaining a warrant to inspect private dwellings for violations of a municipal health code, held that "where considerations of health and safety are involved, the facts that would justify an inference of 'probable cause' to make an inspection are clearly different from those that would justify such an inference where a criminal investigation has been undertaken." 387 U.S. at 538, 87 S.Ct. at 1735, 18 L.Ed. 2d at 940. In *Marshall v. Barlow's, Inc., supra,* the Court had occasion to explain more specifically the less stringent probable cause standard for obtaining an administrative warrant in the context of an OSHA inspection.

We think the following language from the *Barlow's* opinion is applicable in interpreting the two standards contained in G.S. § 15-27.2(c)(1):

[An OSHA agent's] entitlement to inspect will not depend on his demonstrating probable cause to believe that conditions in violation of OSHA exist on the premises. Probable cause in the criminal law sense is not required. For purposes of an administrative search such as this, probable cause justifying the issuance of a warrant may be based not only on specific evidence of an existing violation but also on a showing that "reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]." *Camara v. Municipal Court,* [387 U.S. at 538, 87 S.Ct. at 1736, 18 L.Ed. 2d at 941.] A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan

for the enforcement of the Act derived from neutral sources such as, for example, dispersion of employees in various types of industries across a given area, and the desired frequency of searches in any of the lesser divisions of the area, would protect an employer's Fourth Amendment rights.

436 U.S. at 320-21, 98 S.Ct. at 1824-25, 56 L.Ed. 2d at 316.

[3] Based on the above, we are of the opinion that the "program of inspection" test under the North Carolina statute in substance uses the same criteria described in the *Camara* opinion. It requires the agent seeking the warrant to provide facts in an affidavit showing that a particular business has been selected for inspection "pursuant to an administrative plan containing specific neutral criteria." *Id.* The affidavit to support issuance of a warrant under this standard must contain an adequate description of the "general administrative plan," the "specific neutral criteria" used to determine which businesses will be inspected under the plan, and facts showing why the particular business sought to be inspected comes within the plan.

The second standard for obtaining a warrant under G.S. § 15-27.2(c)(1), the "probable cause" test, is also definable by reference to the *Camara* and *Barlow's* opinions. The Supreme Court in *Barlow's* noted that under the federal act, employees or their representatives could give written notice to the Secretary of the Department of Labor of what they believed to be violations of safety regulations and could request an inspection. *See,* 29 U.S.C. § 657(f)(1). Corresponding provisions in the North Carolina statute, G.S. § 95-130(6), (7), (8), and (9), give employees similar rights and afford them protection from discharge or discrimination if they have "filed any complaint or instituted or caused to be instituted any proceeding or inspection" under the provisions of the statute. Consequently, the "probable cause" standard permits an OSHA agent to obtain a warrant where he has "specific evidence" in an affidavit showing that "conditions in violation of OSHA exist on the premises." *Marshall v. Barlow's, Inc.,* 436 U.S. at 320, 98 S.Ct. at 1824, 56 L.Ed. 2d at 316.

Having thus determined that the statute is not unconstitutionally "void for vagueness," we next proceed to consider respondents' contention that it was "unconstitutionally applied" in the present case.

[4]   We first note that the warrant that was issued stated in part "[T]he applicant . . . being duly sworn, has stated to me that the property described in the attached affidavit is to be inspected as part of a legally authorized program of inspection which naturally includes that property." Such conclusory allegations by the affiant, which are nothing more than a perfunctory restatement of the statutory language contained in G.S. § 15-27.2(c)(1), are clearly insufficient to meet the statutory requirements. The Supreme Court in *Barlow's* rejected a similar attempt to show probable cause, stating:

> The application for the inspection order . . . represented that "the desired inspection and investigation are contemplated as part of an inspection program designed to assure compliance with the Act . . ." The program was not described, however, or any facts presented that would indicate why an inspection of Barlow's establishment was within the program.

*Id.* at 323, n. 20, 98 S.Ct. at 1826, 56 L.Ed. 2d at 318.

[5, 6]   In the present case, however, we think that the warrant authorizing the present search, although inartfully drafted, coupled with the supporting affidavits are sufficient to meet minimal standards under the "program of inspection" test set out in G.S. § 15-27.2(c)(1). We think the rule that the sufficiency of a search warrant should properly be determined with reference to the supporting affidavits, *see State v. Murphy*, 15 N.C. App. 420, 190 S.E. 2d 361 (1972), is also applicable in the context of administrative inspection warrants.

[7]   The supporting affidavits contained sufficient facts to enable the issuing officer to make an independent determination that the Department of Labor had developed a plan for enforcement of the Act which used neutral criteria in selecting particular businesses to be inspected. Facts were included in the affidavits indicating why Taylor Tobacco Enterprises fell within this general plan or program of inspection. For example, some of the facts contained in the affidavit are that Taylor had never been inspected, it was engaged in a high hazard industry according to a standard industrial classification code, and it involved the use of various types of machinery. In holding that the affidavits are sufficient under the "program of inspection" test set out in G.S.

§ 15-27.2(c)(1), we further note that the State's attempt to show through statistics that an inspection of the business would be likely to reveal OSHA violations is not sufficient to meet the "probable cause" test under the statute.

**[8]** Respondents' final contention is that the warrant in the present case does not comply with G.S. § 15-27.2(d)(3) in that it fails to "indicate the conditions, objects, activities or circumstances which the inspection is intended to check or reveal." As previously noted, the sufficiency of an administrative inspection warrant should properly be determined with reference to its supporting affidavits. *See State v. Murphy, supra.* In fact, G.S. § 15-27.2(d)(2) provides that the warrant "must describe, *either directly or by reference to the affidavit,* the property where the search or inspection is to occur . . . ." (Emphasis supplied.) Thus while the warrant in the present case does not specifically indicate the objects of the inspection, the affidavits set out in great detail various objects and conditions that the "inspection is intended to check or reveal," and we hold that it is sufficient to meet the provisions of the statute.

The Order appealed from is affirmed.

Affirmed.

Judges VAUGHN and ARNOLD concur.