JOHN C. BROOKS, COMMISSIONER OF LABOR OF THE STATE OF NORTH CAROLINA v. CORNELIUS BUTLER, D/B/A BUTLER TRAILER MANUFACTURING COMPANY

No. 8319DC948

(Filed 16 October 1984)

**1. Searches and Seizures § 22— administrative inspection warrant—probable cause**

Probable cause for an administrative inspection warrant may be based on specific evidence of an existing violation or on a showing that reasonable legislative or administrative standards for conducting an inspection are satisfied with respect to a particular establishment.

**2. Searches and Seizures § 22— administrative inspection warrant—probable cause**

In order to meet the requirements of the second standard for establishing probable cause for an administrative inspection warrant, an applicant for the warrant must show: (1) there exists a legally authorized inspection program which naturally included the property; (2) the general administrative enforcement plan is based on reasonable legislative or administrative standards; and (3) the administrative standards are being applied to the particular establishment on a neutral basis.

**3. Searches and Seizures § 23— administrative inspection warrant—probable cause**

An application for an administrative inspection warrant set forth factual information sufficient to enable the magistrate to make an independent determination of the existence of probable cause that respondent was selected for inspection on the basis of a general administrative plan for enforcement of the Occupational Safety and Health Act which used neutral criteria in selecting respondent for inspection. The fact that the warrant application failed to state that the affiant had no higher priority inspection pending did not invalidate the warrant.

**4. Searches and Seizures § 31— administrative inspection warrant—property to be searched**

An administrative inspection warrant was not overbroad because it authorized the inspection of "all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials, and all other things."

**5. Searches and Seizures § 19— administrative inspection warrant—no right to notice and opportunity to be heard**

Respondent was not entitled to notice and an opportunity to be heard on an application for an administrative inspection warrant.

**6. Rules of Civil Procedure § 52.1— failure to state findings and conclusions separately—absence of prejudice**

Petitioner was not prejudiced by the failure of the trial court to state separately its findings of fact and conclusions of law in an order quashing an administrative inspection warrant where the court's findings and conclusions, though not readily distinguishable, were sufficient to permit meaningful appellate review. G.S. 1A-1, Rule 52(a)(1) and (2).

**7. Appeal and Error § 45— the brief—failure to note exceptions or assignments of error**

Appellee's cross-assignments of error were not properly before the appellate court where appellee's brief failed to note any exceptions or assignments of error to the questions presented. App. Rules 10(b), 25(b)(5) and 25(c).

APPEAL by petitioner from *Hammond, Judge.* Order entered 18 April 1983 in District Court, RANDOLPH County. Heard in the Court of Appeals 5 June 1984.

This is a civil proceeding instituted by petitioner, Commissioner of Labor of the State of North Carolina, John C. Brooks, to compel respondent, Cornelius Butler, d/b/a Butler Trailer Manufacturing Company, to appear and show cause why he should not be held in contempt for refusal to honor an Administrative Inspection Warrant. Respondent answered, denying validity of the warrant, and counterclaimed for declaratory and injunctive relief.

After a hearing, respondent's motion to quash the inspection warrant was granted. From the order granting respondent's motion to quash the warrant and denying all other relief, both parties appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Tiara B. Smiley, for petitioner-appellant.*

*Hester, Johnson & Johnson, by W. Leslie Johnson, Jr., and McCarty, Wilson, Rader & Mash, by Robert E. Rader, Jr., for respondent-appellee.*

JOHNSON, Judge.

On 21 December 1982, North Carolina Department of Labor Office of Occupational Safety and Health (hereinafter OSH) Officer John G. Morand and his area supervisor Frank K. Trogden went to the premises of respondent for the purposes of conducting a safety inspection in order to ascertain whether he was complying with the safety regulations of the Occupational Safety and Health Act of North Carolina (hereinafter OSHANC).

Morand and Trogden met with respondent, presented their credentials, and stated that they were there to conduct an OSH inspection. Respondent refused permission to proceed stating that OSH needed a warrant.

On 22 December 1982, Chief Magistrate Crofts, upon an *ex parte* application made on the same date by Morand, issued a warrant pursuant to G.S. 15-27.2 for the inspection of Butler Trailer Manufacturing Company (hereinafter Butler). On that same date, Morand and Trogden returned to Butler to serve the inspection warrant and to conduct the inspection of the premises. On the advice of his counsel, respondent refused entry to Butler on the grounds that the warrant was improperly issued, and that it

violated the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

Following respondent's refusal to permit inspection, the Commissioner of Labor petitioned the district court for an adjudication of civil contempt.

After a hearing, the trial court held that the warrant was invalid and should be quashed because the warrant was issued *ex parte* and the supporting affidavit failed to provide the magistrate with information sufficient to determine: the reasonableness of the inspection program; and that the program was applied to Butler in a neutral manner.

The primary question presented by this appeal is whether the district court properly granted respondent's motion to quash the OSH inspection warrant. Petitioner contends that the warrant application was sufficient to permit the magistrate to make an informed probable cause determination. We agree.

The North Carolina Legislature has established pursuant to G.S. 95-136 a detailed program of inspection for industries to determine whether the workplace is free from recognized hazards which are likely to cause death or injury to the employees. Under the federal Occupational Health and Safety Act (hereinafter OSHA), North Carolina is permitted to administer and operate its own plan under federal supervision. 29 U.S.C.A. § 667. The entry and inspection provision of OSHANC are essentially identical to those of OSHA of 1970. In fact, OSHA has been adopted in this State pursuant to G.S. 95-131. For these reasons, federal court decisions interpreting OSHA have been followed by North Carolina courts when interpreting OSHANC.

[1] It is well recognized that administrative inspections of business establishments must conform to the Fourth Amendment which requires a finding of probable cause to support the issuance of a warrant. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 98 S.Ct. 1816, 56 L.Ed. 2d 305 (1978). *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed. 2d 930 (1967). Thus, a warrant based on probable cause is required for nonconsensual administrative inspections. Probable cause in the criminal sense is not required, however. *Marshall v. Barlow's Inc.*, *supra*, at 320, 98 S.Ct. at 1824, 56 L.Ed. 2d at 316. Specifically, probable cause for an administra-

tion inspection warrant may be based on "specific evidence of an existing violation" or "a showing that reasonable legislative or administrative standards for conducting an . . . inspection are satisfied with respect to a particular [establishment]." *Id.* at 320, 98 S.Ct. at 1824, 56 L.Ed. 2d 316. *See also, Camara v. Municipal Court,* 387 U.S. at 538, 87 S.Ct. at 1727, 18 L.Ed. 2d at 930.

[2]   In the case herein, petitioner relied on the second standard for establishing probable cause in seeking its inspection warrant. In order to meet the requirements of this standard, an applicant for an inspection warrant must show that: (1) there exists a legally authorized inspection program which naturally included the property; (2) that the general administrative enforcement plan is based on reasonable legislative or administrative standards; and (3) that the administrative standards are being applied to the particular establishment on a neutral basis. *Gooden v. Brooks, Comr. of Labor,* 39 N.C. App. 519, 251 S.E. 2d 698 (1979), *cert. granted,* 297 N.C. 299, 254 S.E. 2d 923, *cert. vacated,* 298 N.C. 806, 261 S.E. 2d 919 (1979). G.S. 15-27.2. These requirements comport with the *Barlow's* and *Camara* requirements that the warrant application show that "a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources," and "that the general administrative plan for enforcement is based upon reasonable legislative or administrative standards." *Id.* at 524, 251 S.E. 2d at 702.

In its warrant application, which expressly incorporated by reference a supporting affidavit, petitioner gave a detailed description of the administrative inspection program that led to respondent's selection for inspection. The supporting affidavit in pertinent part states:

> 2. OSH is charged with the administration of OSHANC pursuant to G.S. 95-133. OSHANC authorizes the establishment of a program of inspection for places of employment by representatives of the Commissioner of Labor for the purpose of determining whether an employer is furnishing its employees employment and a place of employment which are free from recognized hazards that are causing or likely to cause death or serious physical injuries to its employees, and whether an employer is complying with OSHANC and the

rules and regulations promulgated thereunder. G.S. 95-129 and 95-136.

. . . .

### ADMINISTRATIVE STANDARDS FOR THE GENERAL SCHEDULE INSPECTION PROGRAM

5. OSH utilizes a detailed procedure for identifying and selecting particular work establishments for inspection under the General Schedule Inspection Program. The administrative standards or neutral selection factors used to develop the program are designed to provide broad representative inspection coverage of working conditions and to place priority on the most hazardous employment classifications. These factors include: (1) frequency of injury and illness, (2) severity of injury and illness, (3) industry employee density, (4) length of time since last inspection, (5) geographic dispersion of inspection activity, (6) enforcement penetration into a diversity of industrial categories. (OSH Operations Manual, Chapter III.)

6. A selection process had been established by the Enforcement Bureau in conjunction with the Research and Statistics Division of the North Carolina Department of Labor and OSH's Engineering and Research Bureau. Incorporating the above stated administrative standards and selection factors, the U.S. Department of Labor, Bureau of Labor Statistics, in cooperation with the Research and Statistics Division has developed a Hazard Index, which is a function of the lost workday case incidence rate (frequency), the lost workday incidence rate (severity), and industry employee density. Using data compiled in statewide occupational injuries and illnesses surveys, the Research and Statistics Division annually computes the hazard index for each of the approximately sixty Standard Industrial Classification (SIC) Codes relevant to this State. . . .

. . . .

8. Random selection of individual work establishments is accomplished by a computer program developed and maintained for OSH by the Department of Administration Management Information Services Division. The LI100 OSHA

Sites Inspection System is a series of computer programs that randomly selects the sites and produces the inspection report. The computer data base includes a comprehensive Employment Security Commission master list of state businesses and industries with SIC classifications. . . .

. . . .

APPLICATION OF THE
STANDARDS TO THE
NAMED ESTABLISHMENT

9. According to data supplied by the Research and Statistics Division, the industrial classification of SIC Code 37-Transportation Equipment has a hazard index of 11 and with a number 16 ranking falls within the upper half of the "high hazard" list established by OSH for North Carolina. The named establishment Butler Trailer Manufacturing Company is a manufacturer of automobile trailers within SIC Code 3799 and was chosen for a general schedule inspection in accordance with the statistical process of random selection and the administrative standards set out in paragraphs 5-8 above, without the influence of any other factors.

[3] As shown by the data quoted above, the warrant application clearly presented information meeting the probable cause requirements. The affidavit in support of the warrant application adequately described the program of inspection designed to result in neutral enforcement of OSH. Ninety-five percent of the industries with high hazard incidents, are selected for general inspection. The hazard index of each industry is derived by correlating the lost workday case incidence rate with the lost workday incidence rate and the industry employee density. This data is then used to rank industries in descending order in accordance with their Standard Industrial Classification (SIC) Codes. Utilizing this data, the OSH computer selects individual industries randomly from a candidate file consisting of a master list of state businesses compiled by the Employment Security Commission of North Carolina. The selected sites are printed out in random site inspection reports which are distributed to the three area supervisors who make the safety officer assignments.

[4]  Unquestionably, the warrant application sets forth factual information sufficient to enable the magistrate to make an independent determination of the existence of probable cause that respondent was selected for inspection on the basis of a general administrative plan for enforcement of OSH which used neutral criteria in selecting respondent for inspection. The fact that the warrant application failed to state that affiant had no higher priority inspection pending does not invalidate the warrant. Nor do we believe that a warrant authorizing inspection of "all pertinent conditions, structures, machines, apparatus, devices, equipment, and materials, and all other things . . ." is overbroad. A warrant authorizing a general inspection of an industry naturally contemplates a comprehensive inspection since the location of possible violations is unknown. In the matter of *Establishment Inspection of Texas Tank Car Works*, 597 F. Supp. 591 (N.D. Tex. 1984); *Ingersoll-Rand Co. v. Donovan*, 540 F. Supp. 222 (M.D. Pa. 1982). Accordingly, we find that it was error for the trial court to grant respondent's motion to quash the administrative inspection warrant.

[5]  We briefly note two other points raised by petitioner. The first of these contentions is that the trial court erred in holding that federal and state case law required that respondent be given notice and opportunity to be heard on the warrant application.

*Ex parte* warrants are authorized by the regulations governing OSHA search warrants, 29 C.F.R. § 1903.4(d), and they have been approved by most federal courts which have considered the question. *Rockford Drop Forge Co. v. Donovan*, 672 F. 2d 626 (7th Cir. 1982); *Erie Bottling Corp. v. Donovan*, 539 F. Supp. 600 (W.D. Pa. 1982); *Matter of Establishment Insp., ETC*, 510 F. Supp. 314 (W.D. Va. 1980), *aff'd*, 644 F. 2d 880 (4th Cir. 1981); *Donovan v. Blue Ridge Pressure Castings, Inc.*, 543 F. Supp. 53 (M.D. Pa. 1981).

OSHANC contains a section consistent with 29 C.F.R. 1903.4(d) which reads in applicable part:

(d) For purposes of this Section, the term compulsory process shall mean the institution of any appropriate action, including *ex parte* application for an inspection warrant or its equivalent. *Ex parte* inspection warrants shall be the preferred form of compulsory process in all circumstances where

compulsory process is relied upon to seek entry to a workplace under this Section.

13 NCAC 7B 0104(d).

G.S. 95-136(f) provides:

(1) Inspections conducted under this section shall be accomplished without advance notice, subject to the exception in subdivision (2) below this subsection.

(2) The Commissioner or Director may authorize the giving to any employer or employee advance notice of an inspection only when the giving of such notice is essential to the effectiveness of such inspection, and in keeping with regulations issued by the Commissioner.

Read together, the conclusion, that *ex parte* warrants are not only authorized but are the preferred means of compulsory process, is inescapable. Accordingly, we hold that *ex parte* warrant proceedings are authorized under the rules and regulations of OSHA and OSHANC and have been judicially approved by substantial case law.

[6] Second, petitioner assigns error to the failure of the trial court to make findings of fact in support of its Order quashing the inspection warrant.

G.S. 1A-1, Rule 52(a)(2) requires the trial judge to find the facts upon which he bases his ruling when they are requested by a party or required by Rule 41(b) which is not applicable here. Although petitioner's timely request for findings of fact was denied, the trial court made findings of fact which were intertwined with its legal conclusions. We do not believe, however, that petitioner was prejudiced by the trial court's failure to state separately its findings of fact and conclusions of law as required by G.S. 1A-1, Rule 52(a)(1). As stated, the trial court's findings of fact and conclusions of law, although not readily distinguishable, were sufficient to permit meaningful appellate review.

[7] We note finally, that respondent-appellee presented alternative questions for review, pursuant to Rule 10(d) of the Rules of Appellate Procedure, which reads in part:

(d) Exceptions and Cross Assignments of Error by Appellee. Without taking an appeal an appellee may set out exceptions to and cross-assign as error any action or omission of the trial court to which an exception was duly taken or as to which an exception was deemed by rule or law to have been taken, and which deprived the appellee of an alternative basis in law for supporting the judgment, order, or other determination from which appeal has been taken.

However, such questions are for review only when they are based on cross-assignments of error. Rule 10(d) Comment. Respondent's brief violates Rule 28(b)(5) of the Rules of Appellate Procedure, which is made applicable to appellee's brief by Appellate Rule 28(c). Rule 28(b)(5) provides that: "immediately following each question shall be a reference to assignments of error and exceptions pertinent to the question. . . ." Respondent's brief fails to note any exceptions or assignments of error relating to the questions presented, therefore, his cross-questions are not properly before the Court. The Court, however, in its discretion considered respondent's questions, but only insofar as they related to the assignments of error properly before the Court.

In summary, we hold that the trial court improperly granted respondent's motion to quash the administrative inspection warrant. Accordingly, the Order appealed from is, thereby, vacated, and the cause is remanded to the trial court for proceedings not inconsistent with this opinion.

Judges WEBB and PHILLIPS concur.