In the Matter of INSPECTION OF: GALVAN INDUSTRIES, INC., 7320 Millbrook Road, Harrisburg, North Carolina 28075

No. COA95-946

(Filed 4 June 1996)

**Appeal and Error § 93 (NCI4th); Searches and Seizures § 143 (NCI4th)— administrative search warrant—validity—not immediately appealable**

The denial of a motion to quash an administrative search warrant was not immediately appealable. Administrative search warrants are analogous to discovery requests and, in civil cases, orders compelling discovery are generally not appealable until entry of a final order. It follows that the validity of administrative search warrants is generally not a matter for the appellate courts until the entry of a final order; however, the validity of the warrants can be immediately addressed on appeal upon a showing that a substantial right is affected. In this case, there has been no final order and Galvan has made no showing that any substantial right is affected.

**Am Jur 2d, Appellate Review §§ 135, 137, 139, 140.**

**Appealability of discovery order as "final decision" under 28 USCS sec. 1291. 36 ALR Fed. 763.**

Judge Martin, Mark D., concurring.

.

## IN RE GALVAN INDUSTRIES

[122 N.C. App. 628 (1996)]

Appeal by petitioner Galvan Industries, Inc., from order entered 6 June 1995 in Cabarrus County Superior Court by Judge James C. Davis. Heard in the Court of Appeals 23 April 1996.

*Blakeney & Alexander, by Richard F. Kane and Robert B. Meyer, for petitioner-appellant Galvan Industries, Inc.*

*Attorney General Michael F. Easley, by Special Deputy Attorney General Ralf F. Haskell and Associate Attorney General John C. Sullivan, for the State.*

GREENE, Judge.

Galvan Industries, Inc. (Galvan) appeals from the 6 June 1995 order of the trial court, which denied Galvan's motion to quash an administrative inspection warrant.

On 15 May 1995, the Cabarrus County Superior Court issued an Administrative Inspection Warrant, pursuant to N.C. Gen. Stat. § 15-27.2, for the purposes of conducting an inspection authorized by the Occupational Safety and Health Act of North Carolina. That same day, Galvan made a motion to quash this administrative warrant, which was denied by the trial court on 6 June 1995.

---

The dispositive issue is whether this appeal must be dismissed as interlocutory.

Administrative search warrants are analogous to discovery requests, as they are for the purpose of discovering facts and obtaining evidence, N.C.G.S. § 15-27.2(f) (1983), a purpose akin to discovery, N.C.G.S. § 1A-1, Rule 26 (1990), and refusal to honor an administrative search warrant subjects an agency to contempt, *Brooks, Comm'r of Labor v. Taylor Tobacco Enters., Inc.*, 39 N.C. App. 529, 531, 251 S.E.2d 656, 657, *rev'd on other grounds*, 298 N.C. 759, 260 S.E.2d 419 (1979), just as refusal to comply with discovery requests subjects a party to sanctions. N.C.G.S. § 1A-1, Rule 37 (1990).

Because the situations are analogous, it is proper to apply the law regarding the appealability of discovery issues in determining the appealability of administrative search warrants. In civil cases, because orders compelling discovery are generally not appealable until entry of a final order, *Benfield v. Benfield*, 89 N.C. App. 415, 418,

IN RE GALVAN INDUSTRIES

[122 N.C. App. 628 (1996)]

366 S.E.2d 500, 502 (1988), it follows that the validity of administrative search warrants are generally not matters for the appellate courts until the entry of a final order. The validity of the warrants can, however, be immediately addressed on appeal upon a showing of a substantial right. See *Taylor Tobacco Enters., Inc.*, 39 N.C. App. at 531, 251 S.E.2d at 657 (allowing appeal from contempt proceedings for failure to comply with administrative search warrants).

In this case, there has been no final order entered and Galvan has made no showing that any substantial right is affected. See *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990) (discussing appealability of interlocutory orders). Indeed, Galvan retains the right to move to suppress any "facts discovered or evidence obtained" on the basis that "the warrant is invalid or if what is discovered or obtained is" not within the scope of the warrant.[1] See N.C.G.S. § 15-27.2(f).

Appeal dismissed.

Judge JOHN concurs.

Judge MARTIN, Mark D., concurs with separate opinion.

Judge MARTIN, Mark D. concurring with separate opinion.

The present record establishes that Galvan failed to offer either argument or citation to establish the comprehensive search proposed by the North Carolina Department of Labor, Office of Occupational Safety and Health (OSH) impermissibly infringed on a substantial right—for example, its Fourth or Fourteenth Amendment rights. See *Shaw v. Williamson*, 75 N.C. App. 604, 606-607, 331 S.E.2d 203, 204 (in civil case interlocutory order immediately appealable if substantial constitutional right affected), *disc. review denied*, 314 N.C. 669, 335 S.E.2d 496 (1985). Therefore, as it is not the duty of this Court to "construct arguments for or find support for [Galvan's] right to appeal from an interlocutory order . . . ," *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994), I concur with the majority's dismissal of the present appeal.

---

1. We need not decide in this case whether the denial of the motion to suppress evidence obtained on the basis of an alleged invalid administrative warrant is immediately appealable. We do note that in the context of the criminal law, the denial of a motion to suppress is not immediately appealable. *State v. Grogan*, 40 N.C. App. 371, 375, 253 S.E.2d 20, 23 (1979).

On remand, should Galvan refuse to honor the administrative warrant and OSH petition the trial court for a hearing compelling Galvan to show cause why it should not be subject to civil contempt, Galvan can therein attack the sufficiency of the probable cause underlying the comprehensive search warrant. *See Brooks, Comr. of Labor v. Butler*, 70 N.C. App. 681, 688, 321 S.E.2d 440, 444 (1984), *appeal dismissed and disc. review denied*, 313 N.C. 327, 329 S.E.2d 385 (1985). Further, any decision rendered by the trial court in the show cause hearing is immediately appealable. *See, e.g., id.* at 683, 321 S.E.2d at 441; *Brooks, Comr. of Labor v. Gooden*, 69 N.C. App. 701, 702, 318 S.E.2d 348, 349 (1984).

Accordingly, I concur in the majority opinion.