LaRae PETERSON, Plaintiff and Appellant,

v.

Ralph L. KILZER, M.D., Defendant and Appellee.

Civ. No. 870219.

Supreme Court of North Dakota.

March 14, 1988.

---

6.  A plinking range is a place where a person can go to shoot at bottles, cans or similar targets.

Frederick Edward Saefke, Jr. (argued), Bismarck, for plaintiff and appellant.

Fleck, Mather, Strutz & Mayer, P.C., Bismarck, for defendant and appellee; argued by William A. Strutz.

GIERKE, Acting Chief Justice.

LaRae Peterson appeals from a summary judgment dismissing her medical malpractice action against Dr. Ralph L. Kilzer. We affirm.

Peterson was involved in an automobile accident in April 1976, incurring a comminuted fracture of her right femur as well as severe injuries to her right ankle and foot. Dr. Kilzer treated Peterson for these injuries. He treated the fractured femur by placing her in traction for a period of weeks and then placing her in a body cast. Dr. Kilzer also treated Peterson's ankle and foot injuries, and he last treated her in 1979.

Peterson continued to experience pain in her right knee and ankle, and even with the aid of an ankle brace she continued to walk on the side of her right foot. Dissatisfied with her condition, Peterson consulted Dr. Charles Dahl during March 1982. Although she initially sought only a new brace for her ankle, on Peterson's third visit to Dr. Dahl she complained of pain in her right leg and knee which prompted him to examine her right femur. He discovered that it had healed in an "eight-degree varus position." Dr. Dahl concluded that the pain Peterson was experiencing in her knee might be alleviated or reduced by surgery to straighten the femur. Dr. Dahl subsequently performed this surgery.

Peterson subsequently filed this malpractice action against Dr. Kilzer, alleging that he acted negligently in providing treatment and care of her fractured femur. Following discovery and the filing of a certificate of readiness by Peterson's counsel, Dr. Kilzer's attorney filed a motion requesting summary judgment dismissal of the action.

The trial court granted the motion for dismissal on the ground that Peterson had failed to obtain an expert opinion to support her action as required by Section 28–01–46, N.D.C.C., and as also required under the holding of *Winkjer v. Herr*, 277 N.W. 2d 579 (N.D.1979).

■ On appeal from the dismissal Peterson asserts that Dr. Kilzer waived his right to file a motion for summary judgment because he did not file a certificate of nonreadiness. Rule 56(b), N.D.R.Civ.P., provides in relevant part:

"A party against whom a claim ... is asserted ... may, *at any time*, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof." [Emphasis added.]

We conclude that Dr. Kilzer did not waive his right to bring a motion for summary judgment dismissal.

■ Peterson also asserts on appeal that Section 28–01–46, N.D.C.C., is unconstitutional. We conclude that it is neither necessary nor appropriate to decide this issue, because the statutory provision is not applicable to this case. Dr. Kilzer's treatment of Peterson, for which he is alleged to have acted negligently, occurred during 1976 through 1979. Section 28–01–46, N.D.C.C., went into effect on July 1, 1981. In *Fortier v. Traynor*, 330 N.W.2d 513 (N.D.1983), we held that this statutory provision does not have retroactive application. We conclude, therefore, that Section 28–01–46, N.D.C.C., is not applicable to this case and that the trial court's dismissal cannot be upheld on the ground that Peterson violated the requirements of the provision.

■ Peterson also asserts on appeal that she has raised genuine issues of material fact and that the trial court therefore erred in granting a summary judgment dismissal.

In *Winkjer, supra*, 277 N.W.2d at 583, we stated that a prima facie case of medical malpractice must consist of "evidence establishing the applicable standard of care, violation of that standard, and a causal relationship between the violation and the harm complained of." We also stated

that unless the alleged malpractice involves matters which are susceptible of understanding by a lay person without the assistance of expert medical testimony, the plaintiff cannot have his medical malpractice claim submitted to the jury without expert testimony. The need for expert medical opinion to establish a prima facie case in a malpractice action was confirmed in *Fortier v. Traynor, supra,* 330 N.W.2d at 516–517.

A hearing on the summary judgment motion was held one day before the scheduled trial of this case. At that hearing Peterson's attorney indicated that the plaintiff would attempt to prove her claim through the testimony of Dr. Kilzer and Dr. Dahl. The plaintiff had secured no other expert medical opinion. Dr. Kilzer appeared at the summary judgment hearing and was questioned by Peterson's attorney. During this questioning Dr. Kilzer stated that in his opinion the eight-degree varus deformity of the femur developed over a period of weeks while Peterson was "weight bearing in her cast against instructions." Dr. Kilzer also stated that an eight-degree varus deformity is normally tolerated quite well and in some cases is considered desirable. He also stated that an operation to correct the deformity was dangerous because of potential complications and that with respect to Peterson's case "there certainly is a significant amount of evidence pointing against operative intervention in this type of a patient."

In her deposition Peterson testified that Dr. Dahl, upon examining the x-ray of her femur, stated, "whoever did this didn't know what they were doing." Through his deposition Dr. Dahl denied making such a statement. He testified that if he had initially treated Peterson for the fractured femur he too would have placed the patient in traction and then used a cast. He further testified that an eight-degree varus deformity is "within a normal functioning degree." Dr. Dahl also stated that although Peterson's femur had healed in a slight varus position "she had gotten along with this apparently for six years at that time or seven years and then began having pain." He stated that if she had not begun having pain he would not have attempted to correct the condition.

Having reviewed the record, we agree with the trial court that Peterson has failed to obtain adequate expert medical opinion to raise a genuine issue of fact on her medical malpractice claim. We indicated in *Winkjer* that it is possible for a plaintiff to avoid summary judgment dismissal by establishing an applicable standard of care and actionable violation of that standard through cross examination of the defendant doctor. *Winkjer, supra,* at 586. However, in this case Peterson has failed to demonstrate that there is a genuine issue of material fact through her questioning of Dr. Kilzer and Dr. Dahl. We conclude, therefore, that the trial court did not err in granting Dr. Kilzer's motion for summary judgment dismissal.

Summary judgment affirmed.

MESCHKE, J., NEUMANN, District Judge, and DOUGLAS B. HEEN and VERNON R. PEDERSON, Surrogate Justices, concur.

VERNON R. PEDERSON and DOUGLAS B. HEEN, Surrogate Justices, and NEUMANN, District Judge, sitting in place of ERICKSTAD, C.J., and LEVINE and VANDEWALLE, JJ., disqualified.