2008 ND 48

**Denise D. WHITE, Plaintiff and Appellant,**

v.

**ALTRU HEALTH SYSTEM, a North Dakota Corporation; First Care Health Center; P.R. Health Corporation, a North Dakota Corporation; and Jamil R. Tareen, M.D., Defendants and Appellees.**

No. 20070031.

Supreme Court of North Dakota.

March 20, 2008.

Shirley Ann Dvorak (argued), Grand Forks, ND, and Thomas V. Omdahl (on

brief), Omdahl Law Office, Grand Forks, ND, for plaintiff and appellant.

Donna M. Smith (argued) and Randall S. Hanson (appeared), Camrud, Maddock, Olson & Larson, Ltd., Grand Forks, ND, for defendants and appellees.

CROTHERS, Justice.

[¶ 1] Denise White appeals the district court's December 27, 2006 order denying her motion for reconsideration of dismissal, her motion to amend complaint, and her motion to vacate judgment. We conclude the district court abused its discretion by denying White's motion to vacate and her motion to reconsider because it applied the incorrect version of the statute. We reverse and remand for consideration under N.D.C.C. § 28–01–46 (1997).

I

[¶ 2] Dr. Jamil Tareen, an employee of Altru Health System ("Altru"), performed surgery on White on February 10, 2004 at the First Care Health Center in Park River. The surgery consisted of a diagnostic laparoscopy followed by laparotomy and release of extensive pelvic adhesions. White alleges medical negligence because Tareen's medical license was restricted at the time of the surgery, a fact she claims was concealed from her. White also claims the surgical procedure caused an injury Tareen failed to properly diagnose or treat. White sought follow-up treatment for the alleged injury in early 2004.

[¶ 3] White served Altru with a summons and complaint on February 8, 2006. Altru served White with interrogatories and requests for production of documents on March 16, 2006. Though the court set a discovery deadline of mid-April 2006, the parties negotiated an extension. White served Altru with answers to the discovery requests on May 18, 2006, well before the agreed-upon deadline of June 1, 2006.

One day prior to this service, Altru moved to dismiss White's complaint, alleging she failed to serve Altru with an expert affidavit supporting her claims as required by N.D.C.C. § 28–01–46. The district court dismissed White's claim without prejudice on September 22, 2006. White filed a motion for reconsideration of dismissal, a motion to vacate judgment and a motion to amend the complaint. On December 27, 2006, the district court denied all three motions.

II

[¶ 4] White appeals from the December 27, 2006 district court order denying her motion for reconsideration of dismissal, motion to amend complaint and motion to vacate judgment. "The right to appeal is a jurisdictional matter which this Court may consider on its own." *Pratt v. Altendorf*, 2005 ND 32, ¶ 4, 692 N.W.2d 115. Whether an order in a civil proceeding is reviewable by this Court is determined by statute. *See* N.D.C.C. § 28–27–02. This Court will not consider interlocutory appeals unless it can be affirmatively established the underlying order was "meant to be, in all aspects, final." *Sime v. Tvenge Assoc. Architects*, 488 N.W.2d 606, 608 n. 1 (N.D.1992). Ordinarily, an order arising out of a motion to vacate the judgment or a motion to amend the complaint is considered interlocutory and thus not appealable. *Industrial Comm'n v. Kuntz*, 486 N.W.2d 249, 251 (N.D.1992); *Barth v. Schmidt*, 472 N.W.2d 473, 474 (N.D.1991). Similarly, motions for reconsideration of dismissal generally are not appealable because they are treated as motions to alter or amend judgments or as a motion to vacate. *Dvorak v. Dvorak*, 2001 ND 178, ¶ 9, 635 N.W.2d 135. Interlocutory orders are appealable, however, if the Court "deem[s] it to be an appeal from a subsequently entered consistent final or-

der or judgment." *Dvorak v. Dvorak,* 2007 ND 79, ¶ 7, 372 N.W.2d 698.

[¶ 5] Here, the underlying judgment is a dismissal without prejudice, which is ordinarily "not appealable because either side may commence another action." *Winer v. Penny Enterprises, Inc.,* 2004 ND 21, ¶ 6, 674 N.W.2d 9. However, "dismissal without prejudice may be final and appealable if it has the practical effect of terminating the litigation in the plaintiff's chosen forum." *Rolette Co. Soc. Serv. Bd. v. B.E.,* 2005 ND 101, ¶ 4, 697 N.W.2d 333. The litigation has been effectively terminated and the judgment of dismissal becomes appealable when the statute of limitations has run for the underlying claims. *Haugenoe v. Bambrick,* 2003 ND 92, ¶ 2, 663 N.W.2d 175.

[¶ 6] Section 28–01–18(3), N.D.C.C., provides a two-year statute of limitations for medical malpractice claims. The statute of limitations "begins to run only when the plaintiff knows, or with reasonable diligence should know, of the injury, its cause, and the defendant's possible negligence." *Hoffner v. Johnson,* 2003 ND 79, ¶ 10, 660 N.W.2d 909. White's medical malpractice claim arises out of surgery performed on February 10, 2004. White states she was hospitalized on March 15, 2004 for complications due to the surgery. We conclude for purposes of this appeal only that the statute began to run on or about March 15, 2004, expiring March 15, 2006. White's case was dismissed on October 17, 2006, several months after the statute had run. White is foreclosed from starting another action. Because the statute of limitations has expired and dismissal without prejudice has effectively terminated White's claims, the orders on post-judgment motions are appealable.

III

[¶ 7] Motions to amend complaint and motions to vacate judgment are reviewed under an abuse of discretion standard. *WFND, LLC v. Fargo Marc, LLC,* 2007 ND 67, ¶ 10, 730 N.W.2d 841; *Gonzalez v. Tounjian,* 2004 ND 156, ¶ 9, 684 N.W.2d 653. While North Dakota law does not formally recognize motions to reconsider, we have treated such motions as motions to alter or amend the judgment under N.D.R.Civ.P. 59(j), which may be reversed if the trial court misinterpreted or misapplied the law. *Dinger v. Strata Corp.,* 2000 ND 41, ¶ 12, 607 N.W.2d 886; *Austin v. Towne,* 1997 ND 59, ¶ 7, 560 N.W.2d 895.

[¶ 8] The outcome of this case depends upon which version of N.D.C.C. § 28–01–46 is applicable. Section 28–01–46, N.D.C.C., "was 'designed simply to minimize frivolous [malpractice] claims' by requiring the plaintiff to obtain an expert opinion supporting [his claims] during [the] early stages of [ ] litigation." *Larson v. Hetland,* 1999 ND 98, ¶ 12, 593 N.W.2d 785 (quoting *Heimer v. Privratsky,* 434 N.W.2d 357, 359 (N.D.1989)). The 1997 version of the statute reads, in pertinent part, "[t]his section does not apply to alleged lack of informed consent...." N.D.C.C. § 28–01–46 (1997). The 2005 amendment removes this exception. N.D.C.C. § 28–01–46 (2005). Here, two issues affect which version of the statute is applied. First, we determine whether the district court correctly used the version of the statute in effect on the commencement date of White's action rather than the version in effect on her injury date. Second, we consider whether N.D.C.C. § 28–01–46 should be applied retroactively.

A

[¶ 9] The district court applied the version of N.D.C.C. § 28–01–46 in ef-

fect on the commencement date of White's action. The court relied upon *Larson,* stating:

> "[In *Larson* t]here was no reference to the date or time of the alleged negligent act, but rather, the Supreme Court referred to the date the action was commenced.

> "Here, this action was commenced in February of 2006. The applicable statute in effect in February of 2006 was the 2005 version of N.D.C.C. § 28–01–46, the version relied on in the Order Granting Defendant's Motion To Dismiss."

[¶ 10] Too much significance has been placed on the dates in *Larson.* Whether the commencement date of the case or the injury date is used was of no consequence in *Larson* because N.D.C.C. § 28–01–46 (1981) was in effect during both time periods. *Larson* stands only for the principle that between the commencement date and the date the defendant moves to dismiss, the commencement date controls. More germane authority to the present case is found in *Fortier v. Traynor,* 330 N.W.2d 513, 515–16 (N.D.1983). In *Fortier,* this Court held the applicable law in malpractice actions is the law in effect when the cause of action arises. *Id. See also Hoffner,* 2003 ND 79, ¶ 11, 660 N.W.2d 909 (holding a cause of action accrues once an injury has occurred and manifested itself); *State v. Dimmler,* 456 N.W.2d 297, 298 (N.D.1990) (holding the correct date to use when determining the controlling statute is date upon which the claim arose).

[¶ 11] Unless amendments to N.D.C.C. § 28–01–46 are retroactive, the district court should have used the date White's cause of action accrued in its analysis rather than the commencement date of the action.

## B

[¶ 12] Because the injury allegedly occurred while N.D.C.C. § 28–01–46 (1997) was in effect, a later version of the statute may be applied only if the statute is found to warrant retroactive application. The Legislature may give a statute retrospective operation as long as it does not affect substantive rights. *See State v. Norman,* 2003 ND 66, ¶ 21, 660 N.W.2d 549. However, the legislative direction to make a statute retroactive must be clear.

[¶ 13] Section 1–02–10, N.D.C.C., states, "No part of this code is retroactive unless it is expressly declared to be so." While the plain language of this statute is unambiguous, prior case law has held this rule precatory because it is a canon of statutory construction and, therefore, "subservient to the goal of statutory interpretation: to ascertain and effectuate legislative intent." *State v. Cummings,* 386 N.W.2d 468, 471 (N.D.1986). According to the Court in *Cummings,* if legislative intent can be extrapolated in other ways, N.D.C.C. § 1–02–10 and the other rules of interpretation are simply guidelines.

[¶ 14] The approach in *Cummings* might be correct if the rules of interpretation were of common usage but not actually codified by the Legislature. But these rules of interpretation were codified, and they have the effect of law. *See* 1A Sutherland, *Statutory Construction* § 28.8 (6th ed.2002) (stating "everything contained in a codification which is regularly enacted by the legislature has effect as law" except for rare exceptions including statutes that have been declared invalid for constitutional reasons or statutes that involve a defect in procedures of enactment); *see also State v. Flatt,* 2007 ND 98, ¶ 22, 733 N.W.2d 608 (Sandstrom, J., concurring specially) ("The legislature has told us that if a new enactment is to be retroactive, the legislature *itself* will expressly declare it to

be so. If this rule is to be changed, that too is the function of the legislature. This fundamental principle is as old as the constitution and as enduring as our American democracy."). "In this state there is no common law in any case in which the law is declared by the code." N.D.C.C. § 1–01–06. We are therefore compelled to follow the law, including the rules of statutory interpretation, provided by the Legislature.

[¶ 15] Despite the legislative restriction on retroactive application, historically this Court has distinguished substantive statutes and procedural statutes when applying N.D.C.C. § 1–02–10. *Reiling v. Bhattacharyya,* 276 N.W.2d 237, 239 (N.D. 1979). "During the past eighty years this court has followed the rule that a substantive statute may not be applied retroactively in the absence of specific legislative intent, but has rendered varied decisions regarding the retroactivity of procedural statutes." *Id. Reiling* rejected this inconsistent approach by establishing two clear, bright-line rules regarding retroactive application of statutes.

[¶ 16] First, *Reiling* explicitly overruled the distinction between substantive and procedural statutes.

"[Section] 1–02–10, N.D.C.C., applies to all statutes enacted by the legislature regardless of whether they are substantive or procedural. All statutes enacted by the legislature are to be applied prospectively, i.e., they are to be applied only to causes of action that arise after the effective date of the statute, unless the legislature clearly expresses that they are to be applied retroactively."

*Reiling,* 276 N.W.2d at 240. *Reiling* held the language of N.D.C.C. § 1–02–10 is clear and does not include an exception for procedural statutes. *Reiling,* at 240. This narrow interpretation relieved courts from the arduous task of determining whether a statute is substantive or procedural. *Reiling* states:

"The substantive-procedural distinction is frequently unclear and artificial because few statutes are solely substantive or solely procedural. Because almost all procedural statutes affect substantive rights to some extent, a substantive-procedural decision must be made by balancing the interests on a case-by-case basis without any clear, workable guidelines for determining whether a statute is substantive or procedural."

*Id.* It is important to note that while the *Reiling* rule has been eroded by some recent decisions of this Court, the distinction between substantive and procedural statutes for retroactivity purposes has not been resuscitated. *See, e.g., Cummings,* 386 N.W.2d 468.

[¶ 17] Second, the holding in *Reiling* and the return to the plain reading of N.D.C.C. § 1–02–10 require that the Legislature give explicit notice if a statute is to apply retroactively. *Reiling,* at 240. This is an effective approach, as the Legislature has successfully given this notice when it intended retroactive application of legislation. *State v. Davenport,* 536 N.W.2d 686, 692 (N.D.1995) (VandeWalle, C.J., concurring and dissenting).

[¶ 18] The *Reiling* approach has been followed in many cases. *E.g., Swenson v. Northern Crop Ins., Inc.,* 498 N.W.2d 174, 177 n. 2 (N.D.1993); *Baranyk v. McDowell,* 442 N.W.2d 423, 424 (N.D.1989); *Fairmount Twp. Bd. of Supervisors v. Beardmore,* 431 N.W.2d 292, 295 (N.D. 1988).

[¶ 19] An exception to the *Reiling* rule was created in the criminal context. *Cummings,* 386 N.W.2d at 472. *Cummings* determined that when considering ameliorating penal legislation, courts may infer the Legislature intended retroactivity be-

cause a lesser punishment is the most appropriate penalty for the offense. *Id.; see also State v. Shafer–Imhoff,* 2001 ND 146, ¶ 45, 632 N.W.2d 825 (stating amelioration of imprisonment may be retroactive "prior to the final conviction without infringing on the executive branch's exclusive power to pardon"); *cf. Davenport,* 536 N.W.2d 686 (holding amended statute of limitation retroactive and criminal charges timely). Because White's case does not involve an ameliorating penal law, we decline to give an advisory opinion whether that exception should remain viable. *State v. Hansen,* 2006 ND 139, ¶ 7, 717 N.W.2d 541 (this Court does not provide advisory opinions). When the *Cummings* exception to the *Reiling* rule was created, however, it was intended to be very limited:

> "We created a *narrow exception* to the general rule for ameliorating penal legislation. In *Cummings,* we concluded 'unless otherwise indicated by the Legislature, an ameliorating amendment to a criminal statute is reflective of the Legislature's determination that the lesser punishment is the appropriate penalty for the offense.' Because we found a 'compelling inference' that the legislature intended to apply retroactively a penal statute that reduced punishment, we created the exception for ameliorating penal legislation."

*Shafer–Imhoff,* at ¶ 42 (emphasis added) (internal citations omitted). This "narrow exception" has broadened over time, diluting the original bright-line effect of *Reiling.* This movement away from the bright-line *Reiling* rule was later described as "mischief." *Smith v. Baumgartner,* 2003 ND 120, ¶ 26, 665 N.W.2d 12 (VandeWalle, C.J., dissenting). "[I]t appears the majority has abandoned the *Reiling* requirement and I fear that the Court will, in the future, be looking in corners and under rocks to find by implication the express intent required by N.D.C.C. § 1–02–10 to apply a statute retroactively." *Smith,* at ¶ 27.

[¶ 20] By foregoing *Reiling's* bright-line rule, courts have been sent on a search for scraps of evidence suggesting legislative intent. Under N.D.C.C. § 1–02–10 and *Reiling,* the directive was clear. If a statute is to be retroactive, the Legislature must expressly declare it to be so. *See* N.D.C.C. § 1–02–10. Allowing this Court's inference to be a substitute for explicit direction from the Legislature is a precarious proposition which invites unpredictable and inconsistent results.

[¶ 21] Here, nothing in the statute suggests the amendments to N.D.C.C. § 28–01–46 are intended to apply retroactively. *Larson,* 1999 ND 98, ¶ 12 n. 1, 593 N.W.2d 785; *Peterson v. Kilzer,* 420 N.W.2d 754, 755 (N.D.1988); *Fortier,* 330 N.W.2d at 515–16. "A court abuses its discretion if it ... misinterprets or misapplies the law." *McGhee v. Mergenthal,* 2007 ND 120, ¶ 9, 735 N.W.2d 867. Because the injury date occurred on February 10, 2004 and the statute is not retroactive, N.D.C.C. § 28–01–46 (1997) should have been applied.

IV

[¶ 22] We conclude the district court abused its discretion by denying White's motion to vacate and her motion to reconsider. The district court applied the incorrect version of the statute to White's case, and this determination makes it unnecessary for us to consider her other arguments. We reverse and remand this case for consideration under N.D.C.C. § 28–01–46 (1997).

[¶ 23] DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

DALE V. SANDSTROM, J.

I concur in the result.

VANDE WALLE, Chief Justice, concurring in the result.

[¶ 24] I agree with much of what Justice Crothers has written for the majority. I was a member of the Court and signed the opinion in *Reiling v. Bhattacharyya*, 276 N.W.2d 237, 239 (1979). As the majority also notes, I did lament, in dissent, the failure to follow *Bhattacharyya* in subsequent cases. *See, e.g., State v. Davenport*, 536 N.W.2d 686, 692 (N.D.1995) (Vande-Walle, C.J., dissenting); *Smith v. Baumgartner*, 2003 ND 120, ¶ 26, 665 N.W.2d 12 (VandeWalle, C.J., dissenting). One might therefore assume that I would gleefully sign on to the majority opinion. I do not. Rather, I concur only in the result for the following reasons.

[¶ 25] *Bhattacharyya* was a noble undertaking that would, once and for all, do away with the analysis of whether a statute was procedural, and therefore to be applied retroactively, or substantive, and therefore to be applied only prospectively. It would establish instead a bright line for those statutes that were to be applied retroactively, within the parameters of the Constitution, and those that were to be applied prospectively only. The "bright line" was to be that after our ruling in *Bhattacharyya*, the Legislature would henceforth tell us, in no uncertain terms, those statutes which were to be applied retroactively and those statutes which were to be applied prospectively only. The "bright line" never developed. For the most part *Bhattacharyya* was met with silence from the Legislature. Although the majority justifiably relies on N.D.C.C. § 1–02–10 to hold that no statute is to be applied retroactively unless there is an express declaration of the Legislature, that did not hold true before *Bhattacharyya*, and it has not held true after that decision. Indeed, the Legislature may intend every procedural statute to apply retroactively since there is no constitutional infirmity to such an application.

[¶ 26] More significant to me, however, is that the blind application of the "bright line" rule established in *Bhattacharyya*, and now resurrected by the majority, will produce artificial and unintended results. That is the very reason the Court strayed from its holding in *Bhattacharyya* in such decisions as *State v. Cummings*, 386 N.W.2d 468 (N.D.1986) and *State v. Shafer–Imhoff*, 2001 ND 146, 632 N.W.2d 825. Although it might be argued that it is the Legislature, not this Court, which should be concerned about the artificial or unintended effects of legislation, we have consistently held that if adherence to the strict letter of the statute would lead to an absurd or ludicrous result, we will resort to intrinsic aids to determine the actual intent of the Legislature. *E.g., Shiek v. N.D. Workers Comp. Bureau*, 2001 ND 166, 634 N.W.2d 493. It may be a more laborious process for this Court to construe and apply statutes without the "bright line" rule of *Bhattacharyya*, but I have come to believe that analyzing whether a statute is substantive or procedural is the preferable method of determining legislative intent as to whether a statute should be applied retroactively or prospectively only.

[¶ 27] Nevertheless, under *Fortier v. Traynor*, 330 N.W.2d 513 (N.D.1983), the applicable law is the law in effect when the cause of action for malpractice arises. The removal of the exception for actions for alleged lack of informed consent in N.D.C.C. § 28–01–46 is substantive, not procedural, and I therefore concur in the result reached by the majority opinion.

[¶ 28] Gerald W. VandeWalle, C.J.