2008 ND 182

**NORTH DAKOTA STATE ELECTRICAL BOARD,**
Petitioner and Appellee

v.

**Eric BOREN, Respondent and Appellant.**

No. 20070352.

Supreme Court of North Dakota.

Oct. 22, 2008.

Scott Kenneth Porsborg, Special Assistant Attorney General, Bismarck, ND, for petitioner and appellee.

Douglas L. Broden, Broden Law Office, Devils Lake, ND, for respondent and appellant.

KAPSNER, Justice.

[¶ 1] Eric Boren appeals from the district court's issuance of an administrative search warrant and order compelling an electrical inspection. Because we conclude Boren's appeal is interlocutory, we dismiss.

## I

[¶ 2] In 2004 Boren and his wife contracted with Johnson Electric to install electrical wiring and fixtures in a new addition to their home southwest of Devils Lake. After completion of the project, Johnson Electric submitted an "Electrical Wire Certificate" to the State Electrical Board ("Board"). The Board received the certificate on February 1, 2005. In October 2006, a Board field inspector contacted Boren and requested entry into Boren's home to inspect the electrical wiring. Boren refused to admit the inspector into his home.

[¶ 3] In October 2007, the Board applied to the district court for an order compelling inspection. Boren objected, asserting that compelled entrance to a private residence required a warrant issued by a magistrate. In its reply to Boren's objection, the Board requested an administrative search warrant under N.D.C.C. ch. 29–29.1. The district court held a hearing in November 2007. The court subsequently issued both an administrative search warrant and order compelling inspection for Boren's residence. Boren appealed to this Court and moved the district court for a stay pending appeal, which was granted prior to execution of the search warrant.

## II

[¶ 4] The dispositive issue is whether this appeal must be dismissed as

interlocutory. "The right of appeal is governed solely by statute in this state, and without any statutory basis to hear an appeal, we must take notice of the lack of jurisdiction and dismiss the appeal." *Mann v. North Dakota Tax Comm'r,* 2005 ND 36, ¶ 7, 692 N.W.2d 490; *see also* N.D. Const. art. VI, § 6; *Pratt v. Altendorf,* 2005 ND 32, ¶ 4, 692 N.W.2d 115 ("The right to appeal is a jurisdictional matter which this Court may consider on its own."). Before considering the merits of an appeal, this Court must have jurisdiction. *Dietz v. Kautzman,* 2004 ND 164, ¶ 6, 686 N.W.2d 110. We have provided a two-part test for ascertaining whether jurisdiction exists over an appeal:

> First, the order appealed from must meet one of the statutory criteria of appealability set forth in NDCC § 28–27–02. If it does not, our inquiry need go no further and the appeal must be dismissed. If it does, then Rule 54(b), NDRCivP, must be complied with. If it is not, we are without jurisdiction.

*Dietz,* at ¶ 6 (quoting *Gast Constr. Co., Inc. v. Brighton P'ship,* 422 N.W.2d 389, 390 (N.D.1988) (citations omitted)). Thus, whether this Court may review an order in a civil proceeding is determined by N.D.C.C. § 28–27–02. *See White v. Altru Health Sys.,* 2008 ND 48, ¶ 4, 746 N.W.2d 173. We will not consider interlocutory appeals unless it can be affirmatively established that the underlying order was " 'meant to be, in all aspects, final.' " *White,* at ¶ 4 (quoting *Sime v. Tvenge Assoc. Architects,* 488 N.W.2d 606, 608 n. 1 (N.D.1992)).

[¶ 5] Boren has appealed from the administrative search warrant and order compelling inspection. In this case, the Board initially applied to the district court for an order compelling an electrical inspection under N.D.C.C. §§ 43–09–05, 43–09–22, and N.D. Admin. Code § 24–02–01– 02, and then requested an administrative search warrant under N.D.C.C. ch. 29–29.1. Boren suggests, in part, that the Board does not have authority to conduct the proposed inspection under N.D.C.C. §§ 43–09–05 and 43–09–22. We first examine whether the Board had authority to seek an administrative warrant to conduct an inspection.

[¶ 6] This Court's primary objective in interpreting a statute is to ascertain legislative intent. *Gross v. North Dakota Dep't of Human Serv.,* 2002 ND 161, ¶ 8, 652 N.W.2d 354. To ascertain legislative intent, we initially look to the statute's language, giving the statute's words their plain, ordinary, and commonly understood meaning. N.D.C.C. § 1–02–02; *Gross,* at ¶ 8. Statutes are construed as a whole and, if possible, are harmonized to give meaning to each word and phrase. N.D.C.C. § 1–02–07; *Teigen v. State,* 2008 ND 88, ¶ 19, 749 N.W.2d 505.

[¶ 7] Administrative search warrants are governed by N.D.C.C. ch. 29–29.1. Under N.D.C.C. § 29–29.1–01, any official or employee of the State may, subject to specified conditions in ch. 29–29.1, obtain an administrative search warrant, "authorizing to conduct a search or inspection of property *if such a search or inspection is one that is elsewhere authorized by law,* either with or without the consent of the person whose privacy would be thereby invaded, and is one for which such a warrant is constitutionally required." (Emphasis added.)

[¶ 8] The Board's powers and duties with regard to inspections are provided in N.D.C.C. ch. 43–09. Specifically, N.D.C.C. § 43–09–05, in relevant part, provides:

> The board shall adopt a seal and may adopt reasonable rules to carry out this chapter.... The board shall appoint qualified inspectors. *The inspectors shall inspect,* within fifteen days after

notice of completion of any electrical wiring installation involving a value of three hundred dollars or more in municipalities having ordinances requiring such inspection, *the electrical installation and approve or condemn the same.* The inspector shall make a report of the inspection on forms prescribed by the board.

(Emphasis added.) Section 43–09–22, N.D.C.C., states in part:

*The board has jurisdiction over and shall provide inspection for all electrical installations.* Inspectors authorized by the board *may condemn* installations hazardous to life and property or *may order* specific corrections to be made. Inspectors *may order* service thereto discontinued after notice to the owner of the property. *The order is subject to the owner's right of appeal to the board.* No condemned installation may be reconnected for service until proof has been furnished that the installation has been brought up to the required standards....

(Emphasis added.) *See* N.D. Admin. Code § 24–02–01–02 (promulgated under the authority of N.D.C.C. § 43–09–05, implementing N.D.C.C. §§ 43–09–21 and 43–09–22, and providing in part, "Whenever the board is authorized or mandated by law to inspect an electrical installation, the inspector has authority to enter upon land for the purpose of conducting the inspection.... If the landowner refuses to give permission [to enter a dwelling], the board may request the district court of the district containing the property for an order authorizing the inspector to enter the property to conduct the inspection."); *see also* N.D.C.C. § 43–09–21 (stating, "All electrical wiring, apparatus, or equipment must comply with the rules of the board made under authority of the laws of this state and in conformity with the approved methods of construction for safety to life and property.").

[¶ 9] Based upon the plain language of N.D.C.C. §§ 43–09–05 and 43–09–22, the Legislature unambiguously gave the Board jurisdiction over all electrical installations in the state, in addition to the authority to conduct inspections of electrical installations. Because the Board's authority to inspect property is "elsewhere authorized" as required under N.D.C.C. § 29–29.1–01, we conclude the Board was authorized to seek an administrative search warrant under N.D.C.C. ch. 29–29.1.[1] Because the Board had the authority to seek an administrative search warrant, we next consider whether the warrant is a "final order."

[¶ 10] In *Matter of Galvan Indus., Inc.,* 122 N.C.App. 628, 471 S.E.2d 132, 133 (1996), the court dismissed an appeal from an order denying a motion to quash an administrative search warrant as interlocutory. The court reasoned:

Administrative search warrants are analogous to discovery requests, as they are for the purpose of discovering facts and obtaining evidence, a purpose akin to discovery, and refusal to honor an administrative search warrant subjects an agency to contempt, just as refusal to

1. Boren also argues the relevant legislation creating the Board and delineating its powers did not grant the Board authority to seek a court order to enter upon private property without the consent of the owner. Boren is essentially arguing that the Board exceeded its statutory authority in promulgating N.D. Admin. Code § 24–02–01–02, permitting the Board to invoke the district court's jurisdiction to compel an inspection. We need not address this argument, however, because in conjunction with the order compelling inspection, the Board sought and received an administrative search warrant as specifically authorized under N.D.C.C. ch. 29–29.1.

comply with discovery requests subjects a party to sanctions.

*Id.* at 132–33 (internal citation omitted). The court in *Galvan* concluded it was proper to apply the law regarding the appealability of discovery issues in deciding the appealability of administrative search warrants. *Id.* at 133. The court continued:

> In civil cases, because orders compelling discovery are generally not appealable until entry of a final order, *Benfield v. Benfield,* 89 N.C.App. 415, 418, 366 S.E.2d 500, 502 (1988), it follows that the validity of administrative search warrants are generally not matters for the appellate courts until the entry of a final order. The validity of the warrants can, however, be immediately addressed on appeal upon a showing of a substantial right. *See Taylor Tobacco Enters., Inc.,* 39 N.C.App. at 531, 251 S.E.2d at 657 (allowing appeal from contempt proceedings for failure to comply with administrative search warrants).

*Galvan Indus., Inc.,* 471 S.E.2d at 133. The court in *Galvan* held no final order had been entered and Galvan made no showing any substantial right was affected. *Id.* The court held Galvan retained the right to move to suppress any facts discovered or evidence obtained on the basis that the warrant is invalid or what is discovered is not within the scope of the warrant. *Id.*

[¶ 11] Boren argues that the warrant and order are appealable under N.D.C.C. § 28–27–02(2). However, under this section, for an order in a special proceeding, unlike an action, to be appealable, it must be both a "final order" and affect "a substantial right." Ordinarily, orders relating to discovery procedures are interlocutory and are not appealable. *See Malony v. Cass County Court of Increased Jurisdiction,* 301 N.W.2d 112, 113 (N.D. 1980) ("orders relating to pretrial discov-ery are by nature interlocutory and not appealable"); *Budge v. Anderson,* 146 N.W.2d 169, 170 (N.D.1966) (an order permitting a party's physical examination is interlocutory and not appealable). *But see Phoenix Assurance Co. of Canada v. Runck,* 317 N.W.2d 402, 406 (N.D.1982) (stating that in an action interlocutory discovery orders may be appealable under N.D.C.C. § 28–27–02(5) if they involve the merits). Non-appealability of an order, however, "does not establish that petitioners are without alternative remedies." *Malony,* 301 N.W.2d at 113.

[¶ 12] Although Boren contends that there is a final order because nothing remains pending in the district court, the statutory scheme contemplates additional proceedings before the Board. Section 43–09–22, N.D.C.C., provides a right of appeal from an inspector's order. Furthermore, Boren has not established that he has exhausted his administrative remedies before the Board. *Cf. Medical Arts Clinic, P.C. v. Franciscan Initiatives, Inc.,* 531 N.W.2d 289, 298 (N.D.1995) (holding "if the impact of [a hearing officer's] order compelling disclosure of claimed trade secrets cannot be 'unmade' and, after exhaustion of administrative remedies, there is no other recourse . . ., a writ of prohibition may be sought for judicial review of the hearing officer's trade-secret decision[,]" but with limited scope of judicial review for that type of proceeding).

[¶ 13] We also observe that there is no specific right to appeal from an administrative search warrant provided in N.D.C.C. ch. 29–29.1. However, N.D.C.C. ch. 29–29.1 does provide procedural safeguards when a warrant is subsequently determined to be invalid. *See* N.D.C.C. § 29–29.1–05 (precluding use of facts discovered or evidence obtained as competent evidence in any action, or in imposing any sanctions, or as a basis for further seeking

a warrant "if the warrant [issued under N.D.C.C. ch. 29–29.1] is invalid or if what is discovered or obtained is not a condition, object, activity, or circumstance which it was the legal purpose of the search or inspection to discover"). If the Legislature wanted to create a right of direct appeal to this Court from an administrative search warrant issued under this chapter, it could have written N.D.C.C. ch. 29–29.1 to do so.

[¶ 14] Here, Boren has proceeded to this Court by direct appeal, rather than by a petition for a supervisory writ or for a writ of prohibition. Boren also concedes that there has been no separate contempt proceeding for failing to comply with the administrative search warrant or order compelling inspection. Boren nevertheless suggests in his brief that this Court should treat his brief as a petition for a writ and invoke its supervisory powers to review the district court's issuance of the warrant and the order. *See* N.D. Const. art. VI, § 2; *B.H. v. K.D.*, 506 N.W.2d 368, 372 (N.D.1993) (explaining this Court's exercise of supervisory jurisdiction is discretionary and is exercised rarely and cautiously). We decline Boren's invitation to treat his appellate brief as a petition for a supervisory writ. Because we conclude the administrative search warrant and order compelling inspection are interlocutory, rather than a final, appealable order contemplated under N.D.C.C. § 28–27–02, we dismiss the appeal.

[¶ 15] We therefore do not decide whether the administrative search warrant was properly issued. *See* N.D.C.C. § 29–29.1–02 (providing conditions to be met before issuance of administrative warrant). Nor do we address Boren's argument that the administrative search warrant and order compelling inspection violate his right to be free of unreasonable searches under the federal and state constitutions. *See*

U.S. Const. amend. IV; N.D. Const. art. I, § 8; *see also Camara v. Municipal Court of City & County of San Francisco*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). Boren will have the opportunity to challenge the grounds for issuing the administrative search warrant upon a proper appeal from a final judgment or order.

III

[¶ 16] The Board's request for attorney's fees under N.D.R.App.P. 38 is denied. The appeal is dismissed.

[¶ 17] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DALE V. SANDSTROM, and DANIEL J. CROTHERS, JJ., concur.